E. A. MERRITT, Appellant, v. S. J. DUFUR, *et al.*

**Deceit:** RESCISSION OF LEASE. The fact that an agent had misrepre
sented the rental demanded by his principal for land, and obtained
an agreement from the lessee to pay an excessive rental, and also
misrepresented the character and quality of the land, where the
lessee examined the land and might have ascertained the facts,
does not constitute sufficient grounds for a rescission of the lease.

SAME: *Principal and agent.* A representation by an agent that two
tracts of land, owned by different persons, were owned by the
same person, and the leasing of them together as one farm, is a
matter of which the lesee cannot complain, where the lease is
assented to by the owners.

*Appeal from Union District Court.*—HON. H. M. TOWNER,
Judge.

THURSDAY, OCTOBER 15, 1896.

ACTION in equity for the cancellation of a lease of
real estate, and of a note given for rent, and to enjoin
the enforcement of the lease and note. There was a
hearing on the merits, and a judgment for the defend-
ants. The plaintiff appeals.—*Affirmed.*

*Jas. A. Merritt* for appellant.

*Jas. G. Bull* and *Hugh M. Fry* for appellees.

ROBINSON, J.—On the third day of February, 1893,
the plaintiff leased one hundred and sixty acres of land
in Union county for the term of one year from the
first day of the next March, and for rent paid one hun-
dred dollars in money, and gave his two promissory
notes for the sum of one hundred and fifty dollars each,
of which one was payable on the first day of the next
October, and the other on the first day of the next Jan-
uary. A lease in writing was drawn in the name of the

defendant, S. J. Dufur, as lessor, but was signed only by the plaintiff. It purported to lease the N. half of the N. W. quarter of section 14, the N. E. quarter of the N. E. quarter of section 15, and the S. E. quarter of the S. E. quarter of section 10, all in township 72 N., of range 28 W. The two tracts first described were in fact owned by S. J. Dufur, but the tract in section 10 was owned by the defendant E. T. Dufur. The contract of lease was made on the part of the land-owners by the defendant, J. M. Jackson. The plaintiff had not known anything of the land, but it was shown to him by Jackson before the lease was made. He claims that the weather was cold and stormy, and the ground covered with snow at the time, and that he was unable to determine for himself the real character of the land; that, to induce him to take a lease, Jackson told him that he and E. T. Dufur were the agents for Mrs. Dufur, who was the owner of all the land, and that the lowest price for which she would rent it for the term desired was four hundred dollars; that it was all of good, rich soil, and tillable; that all of a certain meadow could be plowed and planted to corn, and that it was excellent land, well adapted to raising corn; that an orchard on the farm bore one hundred bushels of apples; that, in the pasture, which included the tract in section 10, there was a never-failing spring, which always furnished an ample supply of water for stock; and that the farm was cheap at the rent stated. The plaintiff further claims that he believed and relied upon the representations of Jackson in taking the lease, but discovered after he had moved onto the farm that the soil was poor and stony; that it was not all good, tillable land, but that only about one-half of it could be plowed, and that much of it was not suitable for farming; that the meadow was not as represented; that the alleged spring never had any existence; that the orchard bore but little fruit; that the

rental value of the land owned by Mrs. Dufur did not exceed two dollars per acre, and that the rental value of that in section 10 did not exceed one dollar per acre; that it was not true that Mrs. Dufur had required a rent of four hundred dollars for the land, but the fact was that she had authorized the leasing of the one hundred and twenty acres, which belonged to her, for the sum of two hundred and fifty dollars; and that the excess of that amount, or one hundred and fifty dollars, was retained by E. T. Dufur, for the rent of his forty-acre tract. There is much conflict in the evidence in regard to the representations made by Jackson, and the real character and rental value of the land. Jackson denies most of the claims of the plaintiff, in regard to the representations, and, as the plaintiff is not corroborated, he must be regarded as having failed to show that they were made. The plaintiff did not wholly rely upon the alleged statements, but was driven over the farm, and examined it for himself. If the soil was stony and unfit for cultivation, as he now claims, he could have ascertained something of its nature. There was nothing to prevent him from examining the alleged spring. The statements in regard to the orchard and rental value of the farm, if made, were in the nature of expressions of opinion, and were not statements of existing facts, upon which the plaintiff had a right to rely. The evidence does show that Jackson was authorized to lease the land owned by Mrs. Dufur, for the sum of two hundred and fifty dollars, and, if there was no misrepresentation in regard to the rent which was demanded for the land, the facts, with respect to it, were not disclosed. But the act of Jackson in renting all the land as one farm, appears to have been ratified by the landowners, neither of whom is complaining of what was done. The plaintiff is liable only for what he voluntarily assumed, and, if he agreed to pay more

than the land was worth, it was due to his own want of care. We are inclined to believe that the agreed price was somewhat excessive, although there is considerable testimony to the effect that it was but little, if any, more than a fair price. The plaintiff paid the note first due, and forty dollars on the second one, although he claims to have made some complaint in the summer of the year 1893, in regard to the amount of the rent. The concealment of the facts in regard to the ownership of the different tracts of land, and the rent which Mrs. Dufur asked, and the leasing of all the tracts as one farm, on terms which really required the payment of a rent of one hundred and fifty dollars for a tract which was worth but one-third of that sum, partakes somewhat of the nature of sharp practice; but it was a matter for the defendants to settle among themselves, and does not constitute any valid objection to the lease. We have read the evidence with much care, but without finding sufficient ground upon which to disturb the judgment of the district court. It is therefore AFFIRMED.